IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONDAL HOWARD MACKS, #220 315 | * | |
| Petitioner, | * | |
| v. | * | 2:06-CV-1070-MHT-DRB (WO) |
| WARDEN GWENDOLYN MOSLEY, *et al.*, | * | |
| | * | |
| Respondents. | | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is pending on a 28 U.S.C. § 2254 petition for habeas corpus filed by Rondal Howard Macks ("Petitioner") on November 30, 2006, to challenge his convictions by the Circuit Court for Escambia County, Alabama, in September 2001, for second degree assault, attempted murder, and first degree burglary. Petitioner is currently serving two life sentences plus ten years.

This court, "in the exercise of its discretion and in furtherance of justice," may transfer Petitioner's application for writ of habeas corpus to "the district court for the district within which the State court was held which convicted" Petitioner. 28 U.S.C. § 2241(d). Escambia County is located within the jurisdiction of the United States District Court for the Southern District of Alabama. Thus, it is appropriate to transfer this case for hearing and determination by the federal district court in which the Escambia County Circuit Court is located..[1]

---

[1] A decision on Petitioner's application for *in forma pauperis* status is reserved for ruling by the United States District Court for the Southern District of Alabama.

Accordingly, it is the *RECOMMENDATION of the Magistrate Judge* that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further **ORDERED** that the parties file any objections to this Recommendation on or before December 18, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 6th day of December 2006.

/s/ Delores R. Boyd
DELORES R. BOYD

UNITED STATES MAGISTRATE JUDGE